DA 09-0589

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 206N

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

KORY FITZGERALD,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 08-151BX
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Joslyn Hunt, Chief Appellate Defender; Sarah Chase Rosario y Naber, Assistant Appellate Defender, Helena, Montana

       For Appellee:

              Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant Attorney General, Helena, Montana

              Marty Lambert, Gallatin County Attorney; Scott Lanzon, Deputy County Attorney, Bozeman, Montana

Submitted on Briefs:    September 8, 2010
Decided:    September 28, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Kory Fitzgerald (Fitzgerald) appeals following his conviction on charges of robbery. We affirm.

¶3 The State of Montana (State) charged Fitzgerald with felony robbery for allegedly inflicting bodily injury on Robert Meadows (Meadows), while committing a theft. The State alleged that Fitzgerald and another man, Francisco Flores, played pool at the Cat's Paw bar in Bozeman, Montana, while they watched Meadows gamble on keno machines. Fitzgerald and Flores allegedly saw Meadows cash out some sizable keno tickets, including one for $400 and another for $500.

¶4 The State presented evidence to the jury in the form of a surveillance video from the Cat's Paw that depicted two men, alleged to be Fitzgerald and Flores, playing pool near where Meadows was gambling. The video depicts the two men leaving the Cat's Paw abruptly, and the surveillance video outside the Cat's Paw reveals these same two men beating and robbing Meadows.

¶5 Fitzgerald's counsel conducted a lengthy cross-examination of Meadows, with much of it involving the videotape. At one point the State offered to stipulate that Fitzgerald and

2

Flores were "playing pool up until the point they robbed the victim." Fitzgerald's counsel rejected the State's offer on the grounds that Fitzgerald would not stipulate to the fact that Fitzgerald had robbed the victim and that there was no acceptance that "this gentleman in the image is [Fitzgerald]." Fitzgerald did not object or move for a mistrial.

¶6 On the third day of trial, after first identifying Fitzgerald as one of the men in the video, one of the witnesses began to discuss a statement that Fitzgerald allegedly had made. Fitzgerald raised a hearsay objection. The District Court denied the objection on the grounds that Fitzgerald's statements did not constitute hearsay. Fitzgerald moved for a mistrial outside the presence of the jury on the grounds that the District Court's comment improperly bolstered the testimony of the witness. The court denied the motion and instead provided a curative instruction at Fitzgerald's request.

¶7 The State also offered testimony of Officer Johanna Camp, who investigated the robbery. Counsel for the State asked Officer Camp what she had learned from the investigation. The District Court overruled Fitzgerald's hearsay objection. Officer Camp answered that four people had been playing pool and "two of the men suddenly said, oh, we have to go, jumped up, said they would be right back, and they never came back." Fitzgerald reiterated his objection and also raised the issue that the officer's testimony violated his confrontation clause rights. The District Court overruled the objection and noted that officers can testify to their conclusions. Officer Camp further testified that she found Meadows to be very credible in her interviews with him. Fitzgerald did not object.

3

¶8     Fitzgerald later filed a written motion for a mistrial. Fitzgerald argued that the District Court's comments surrounding its hearsay rule required a mistrial. Fitzgerald further argued that Officer Camp's testimony regarding her view on Meadows' credibility was improper. Fitzgerald asked the court to apply plain error review in light of Fitzgerald's failure to object at the time of the officer's testimony. The District Court denied the motion. The jury convicted Fitzgerald and he appeals.

¶9     Fitzgerald argues that the court violated his right to confront the witnesses against him when it allowed Officer Camp to testify regarding what she had "gleaned" from her investigation. Fitzgerald further claims the State's offer in front of the jury to stipulate that the person depicted in the video was Fitzgerald and that Fitzgerald had robbed the victim violated his right to a fair trial. Fitzgerald further contends that the court allowed the State to bolster the State's witnesses and direct examination of Officer Camp regarding Meadows' credibility. Fitzgerald argues that these actions taken together denied Fitzgerald's right to a fair and impartial trial under the cumulative error doctrine.

¶10    We review for an abuse of discretion a district court's evidentiary rulings. *State v. Sanchez*, 2008 MT 27, ¶ 15, 341 Mont. 240, 177 P.3d 444. We conduct a de novo review regarding a court's interpretation of the constitutional claim. *Sanchez*, ¶ 15. We further review for an abuse of discretion a district court's denial of a motion for mistrial. *State v. Wing*, 2008 MT 218, ¶ 25, 344 Mont. 243, 188 P.3d 999. Mistrials constitute an "exceptional remedy," and we recognize that trial courts should employ less extreme

remedial measures "unless the ends of justice require otherwise." *State v. Novak*, 2005 MT 294, ¶ 26, 329 Mont. 309, 124 P.3d 182.

¶11    We deem it appropriate to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court did not abuse its discretion in making its evidentiary rulings and denying Fitzgerald's motion for a mistrial. It is further apparent the District Court correctly applied the law regarding Fitzgerald's constitutional claims.

¶12    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE